UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JUAN CARLOS NAUT,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/2021

18 Cr. 219-3 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Defendant, Juan Carlos Naut, a prisoner serving his sentence at United States Penitentiary

Lewisburg ("USP Lewisburg"), moves for a reduction of his term of imprisonment under (1) the

federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A), or (2) in light of the

COVID-19 pandemic.  Def. Mem., ECF No. 192.  For the reasons stated below, Naut's motion is

DENIED.

## BACKGROUND

In 2018, Naut was indicted, along with his co-defendants, for conspiring to distribute and

possess with intent to distribute heroin and fentanyl.  ECF No. 10.  On June 6, 2019, the court

accepted Naut's plea of guilty to the lesser included offense of conspiracy to distribute narcotics,

and on November 18, 2019, he was sentenced to five years' imprisonment and four years of

supervised release.  Docket Entry 6/6/2019; ECF No. 153.  According to the Government, his

release date is September 5, 2023.  Gov't Opp'n at 2, ECF No. 193.  Defendant represents that he

will be eligible for a halfway house in approximately two years.  Def. Mem. at 9.

Naut, age 51, states that he suffers from "hypertension, prediabetes[,] and possible liver

and prostate disease."  Def. Mem. at 5–6.  On August 12, 2020, he filed a petition for

compassionate release with the warden of USP Lewisburg, which the warden denied on August

20, 2021. ECF No. 192-1 at 2, 4.[1] By letters dated February 3 and 19, 2021, Naut moved *pro se*

for compassionate release, in light of the COVID-19 pandemic. ECF Nos. 188, 191. On March

12, 2021, Naut, through his attorney, filed a supplemental motion to reduce his sentence under

18 U.S.C. § 3582(c)(1)(A). Def. Mem. at 1. The parties filed supplemental briefing on April 14,

2021. ECF Nos. 196–97.

## DISCUSSION

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify

terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed
> except that—in any case—the court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the defendant has fully exhausted
> all administrative rights to appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days from the receipt of such a
> request by the warden of the defendant's facility, whichever is earlier, may reduce
> the term of imprisonment (and may impose a term of probation or supervised
> release with or without conditions that does not exceed the unserved portion of
> the original term of imprisonment), after considering the factors set forth in
> section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)      extraordinary and compelling reasons warrant such a reduction . . . and
>          that such a reduction is consistent with applicable policy statements issued
>          by the Sentencing Commission[.]

Thus, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Naut must meet

the exhaustion requirement and demonstrate that "extraordinary and compelling reasons"

warrant a reduction of his sentence. The Court should also consider the factors listed in

18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the
>     defendant; [and]
>
> (2) the need for the sentence imposed—
>         (A) to reflect the seriousness of the offense, to promote respect for the law, and to
>         provide just punishment for the offense;
>         (B) to afford adequate deterrence to criminal conduct; [and]

---

[1] The Court refers to the ECF page numbers.

(C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

The parties agree that Naut has exhausted his administrative remedies.  Gov't Opp'n at 3.

Therefore, the Court only addresses whether he has stated an extraordinary and compelling

reason for release, and whether that reason is outweighed by the § 3553(a) factors.

The United States Sentencing Commission has defined "extraordinary and compelling

reasons" at U.S.S.G. § 1B1.13, cmt. n.1.  *See United States v. Ebbers*, No. 02 Cr. 11443, 2020

WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020).  The definition, as relevant, states that extraordinary

and compelling reasons for modification exist where "[t]he defendant is . . . suffering from a

serious physical or medical condition . . . that substantially diminishes the ability to provide self-

care within the environment of a correctional facility and from which he or she is not expected to

recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).  The Second Circuit recently clarified, however,

that where, as here, a motion for compassionate release is brought by a defendant, rather than by

the Bureau of Prisons, Guideline § 1B1.13 is "not applicable."  *United States v. Brooker*, 976

F.3d 228, 236 (2d Cir. 2020) (quotation marks omitted).  Accordingly, this Court is empowered

to consider "the full slate of extraordinary and compelling reasons that an imprisoned person

might bring before them in motions for compassionate release," and is not bound by Guideline

§ 1B1.13.  *Id.* at 237.

Courts have granted modified sentences in light of COVID-19 for defendants with

illnesses or injuries that make them particularly vulnerable to COVID-19.  *See, e.g.*, *United

States v. Yu*, No. 90 Cr. 47, 2020 WL 6873474, at *4 (S.D.N.Y. Nov. 23, 2020) (collecting

cases).  By contrast, in cases where such illnesses or injuries were absent, courts in this district

have denied requests for compassionate release.  *See, e.g.*, *United States v. Brooks*, No. 11 Cr.

206, 2020 WL 6946589, at *2 (S.D.N.Y. Nov. 24, 2020); *United States v. Zehner*, No. 19 Cr. 485, 2020 WL 1892188, at *2 (S.D.N.Y. Apr. 15, 2020).

Naut's Bureau of Prisons medical records indicate that he has been diagnosed with hypertension and is taking Lisinopril to treat the condition.  ECF No. 192-1 at 6–7.  Naut has prediabetes, an enlarged prostate, and elevated ALT levels, which could be indicative of liver disease.  *Id.*; Def. Mem. at 6.

However, Naut received the Moderna COVID-19 vaccine, and has been fully vaccinated since February 2021.  Gov't Supp. Mem. at 1, ECF No. 196; Def. Supp. Mem. at 1, ECF No. 197. Although Naut's motion seeks release primarily on the basis of the COVID-19 pandemic, he "now has significant protection against serious illness or death should he contract COVID-19."  *United States v. Diaz*, No. 19 Cr. 65, 2021 WL 2018217, at *1 (S.D.N.Y. May 20, 2021). In such circumstances, courts in this district and elsewhere have found that a defendant "fails to show that relief is warranted due to the risk of COVID-19."  *Id.*; *United States v. Singh*, No. 15 Cr. 28, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021).

In so ruling, the Court recognizes that Naut has taken steps to improve himself while incarcerated.  During his incarceration, he has had no disciplinary history.  Def. Mem. at 9.  He has completed his GED, English language courses, and a number of courses spanning various topics.  ECF No. 192-1 at 64.  He also has a viable reentry plan.  Def. Mem. at 18.  However, none of these circumstances present an extraordinary and compassionate reason for release. *United States v. Marmolejos*, No. 19 Cr. 626, 2021 WL 807128, at *4 (S.D.N.Y. Mar. 3, 2021).

Accordingly, Naut's motion for compassionate release is denied without prejudice to a new application "should future evidence demonstrate that new COVID-19 variants render the Moderna vaccine significantly less effective at preventing serious illness or death from COVID-19, such that [Naut] is at a substantial risk of serious illness or death from a COVID-

infection." *Diaz*, 2021 WL 218217, at *1.  For these same reasons, the Court also finds that a reduction of his sentence is not warranted.

**CONCLUSION**

Accordingly, Naut's motion for release under 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 188, 191, and 192.

SO ORDERED.

Dated: July 22, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge

5